FILED
United States Court of Appeals
Tenth Circuit

November 15, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JULIAN L. RUSSELL,

        Petitioner - Appellant,

v.

STATE OF KANSAS,

        Respondent - Appellee.

No. 11-3156

D. Kansas

(D.C. No. 5:11-CV-03011-SAC)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **BRISCOE**, Chief Judge, **MURPHY**, and **MATHESON**, Circuit Judges.

---

Appellant, Julian L. Russell, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 11, 2011. Russell challenged his pretrial detention at the Marion County Jail in Marion, Kansas. The district court dismissed Russell's § 2241 habeas application without prejudice, concluding abstention was appropriate based on the doctrine enunciated in *Younger v. Harris*, 401 U.S. 37 (1971). The court also concluded that Russell had failed to exhaust his state remedies.

Russell now seeks a certificate of appealability ("COA") to enable him to appeal the district court's denial of his § 2241 application. A COA may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This "requires an overview of the claims in the habeas petition and a general assessment of their merits." *Id*. at 336. Further, when the district court denies a habeas petition on procedural grounds without reaching the applicant's underlying constitutional claim, a COA should issue only when the applicant shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This court has reviewed Russell's application for a COA and appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes that Russell is not entitled to a COA. The record contains no indication that Russell pursued his claims in Kansas state court or has exhausted his state remedies. Accordingly, the district court's resolution of Russell's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings.

Because Russell has not "made a substantial showing of the denial of a constitutional right," he is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Russell's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge